IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SHIRLEY SPODEN,<br><br>Plaintiff,<br><br>vs.<br><br>ABBE CENTER FOR COMMUNITY CARE, INC., ABBE, INC. and ABBE CENTER FOR COMMUNITY CARE,<br><br>Defendants | No. C09-0156<br><br>ORDER REGARDING PLAINTIFF'S EXPERT WITNESSES |

This matter comes before the Court on the Motion to Preclude Undisclosed Expert Witness Opinions at Trial (docket number 7) filed by the Defendants on June 14, 2010, the Resistance (docket number 8) filed by the Plaintiff on June 30, 2010, and the Reply (docket number 10) filed by the Defendants on July 8, 2010.

Also before the Court at this time is the Motion for Enlargement of Time to Designate Expert Witnesses (docket number 9) filed by the Plaintiff on June 30, 2010, the Resistance (docket number 11) filed by the Defendants on July 9, 2010, and the Reply (docket number 12) filed by the Plaintiff on July 15, 2010.

Pursuant to Local Rule 7.c, both motions will be decided without oral argument.

## I. PROCEDURAL HISTORY

This case was initiated on October 7, 2009, with the filing of a petition at law in the Iowa District Court for Linn County. Plaintiff Shirley Spoden seeks damages for Defendants' alleged violation of the Family Medical Leave Act (Count I), the Americans With Disabilities Act, the Age Discrimination in Employment Act, and the Iowa Civil Rights Act (Count II). The action was removed to the United States District Court for the

Northern District of Iowa on October 23, 2009. Defendants filed an answer on October 28, 2009.

On January 22, 2010, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. *See* docket number 6. Among other things, the parties agreed that Plaintiff would disclose her expert witnesses not later than April 22, 2010. Defendants were required to disclose their expert witnesses by June 22, 2010, with the parties agreeing to a discovery deadline of September 22, 2010. The trial ready date is February 24, 2011.

On June 14, 2010, Defendants filed the instant motion to preclude Plaintiff from calling expert witnesses at the time of trial. Defendants assert that Plaintiff failed to disclose any expert witnesses by the April 22 deadline, and asks that the Court enter an order precluding Plaintiff from eliciting any expert witness opinions at trial. Plaintiff filed a resistance on June 30. Contemporaneously with the filing of her resistance to Defendants' motion, Plaintiff filed her instant motion for enlargement of time to designate expert witnesses. Plaintiff asks that the deadline be extended "until either July 15, 2010, or 1 business day after I receive the [experts'] opinions, whichever comes first."

## II. RELEVANT FACTS

On February 4, 2010, Defendants submitted a number of interrogatories to be answered by Plaintiff, including a request that she "[p]lease identify each person whom you expect to call as an expert witness at trial."[1] In her answer served on April 26, 2010 (four days after the deadline for disclosing her expert witnesses), Plaintiff advised Defendants that "[n]o decision has been made about which experts Plaintiff will call to testify at trial." Plaintiff further stated, however, that she "will likely call one or more of the healthcare professionals identified herein to testify, and it is possible, that some of such witnesses [*sic*] testimony may be considered within the realm of expert testimony."

---

[1] *See* Exhibit A (docket number 7-2) attached to Defendants' Brief in Support of Motion to Preclude Expert Opinions at Trial.

2

Plaintiff then identifies six doctors who "may testify about the nature of Plaintiff's disability, and/or to the extent that the illegal actions of Defendant exacerbated Plaintiff's medical conditions." Apparently, the interrogatory answer has not been supplemented, nor has Plaintiff identified any expert witnesses in compliance with the Scheduling Order.

In a speaking resistance to Defendants' motion, and in Plaintiff's motion for enlargement of time, Plaintiff's counsel asserts additional facts relating to the disclosure of Plaintiff's expert witnesses. Mr. Reilly states:

> 9. Plaintiff has been told by two treating physicians, Dr. Jonathon Calkwood and Dr. Randal Shapiro that the conduct she was subjected to at the hands of the Defendants exacerbated Plaintiffs medical condition such that she became medically unable to work at an earlier point then she otherwise would have.
>
> 10. Several months ago, well before the expert witness deadline, we first requested that Dr. Calkwood and Dr. Shapiro, who practice in the same clinic, write an opinion letter consistent with the opinions provided to Ms. Spoden. We were assured again and again that the opinions were forthcoming. After a lengthy delay we were told that they needed clearance from the lawyer for their practice before they could [send] the letter. After that was apparently taken care of, later we were told the request needed to be in writing. This is so even though for several prior months, we had been assured a letter was imminent based on our multiple oral requests, some of which were requests directly from Plaintiff to her physician. So a written request was submitted with an Iowa bar form release. Sometime later we received a letter that the release was not sufficient for them and that their release needed to be used. It took a few days to have my client come in and sign it and then a few days for the mail to get it back to them. We were then told they needed prepayment. That has been paid. Although the process took much longer than it should have, we are now being told that everything is on order and we should have the letter any day. Of course we were told that several days ago.

Plaintiff's Motion for Enlargement of Time to Designate Expert Witnesses (docket number 9), ¶¶ 9 and 10 at 2-3. The Court was not provided with specific dates when any of these events occurred, nor with any copies of the forms or correspondence referred to in Mr. Reilly's recitation of the facts.

### III. DISCUSSION

#### A. Motion for Enlargement of Time

The Court will first consider Plaintiff's Motion for Enlargement of Time to Designate Expert Witnesses. As set forth above, the Scheduling Order established a deadline of April 22, 2010 for Plaintiff to disclose her expert witnesses. Plaintiff asks that the deadline be extended to July 15.[2] A scheduling order may be modified only for good cause. FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16.f ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). Since Plaintiff's motion to extend the time to designate expert witnesses was made after the time expired, Plaintiff has the additional burden of showing that she failed to act timely "because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Here, Plaintiff claims that she first sought written opinion letters from Drs. Calkwood and Shapiro "well before the expert witness deadline," and has acted diligently in pursuing the written opinions since that time. Mr. Reilly lists the efforts made to secure the doctors' opinions, and the various obstacles which were necessary for Plaintiff to overcome. Based on Mr. Reilly's assertions, the Court concludes that Plaintiff exercised reasonable diligence

---

[2] July 15 has come and gone. To the Court's knowledge, Plaintiff has still not produced written reports by Drs. Calkwood and Shapiro.

4

in attempting to obtain the experts' opinions in a timely manner, and that good cause exists for an extension of the experts' disclosure deadline.

However, Plaintiff's motion to modify the Scheduling Order and extend the deadline to disclose her expert witnesses was not timely filed. Accordingly, she must also establish that her failure to act timely was a result of "excusable neglect." FED. R. CIV. P. 6(b)(1)(B). *See also Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (noting that if the plaintiff could not legitimately meet the deadline, "then his proper course of action would have been to seek an extension of the deadline"). While Plaintiff has now filed a motion to extend the deadline for disclosing her expert witnesses, the motion comes two months after the deadline.

Recently, the Eighth Circuit Court of Appeals emphasized the flexible nature of "excusable neglect" and the Court's interest in doing "equity."

> FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(B) permits a district court to extend the time for a party to submit a filing "if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" that empowers courts to accept, "where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." "The following factors are particularly important: (1) the possibility of prejudice to [the nonmovant]; (2) the length of [the movant's] delay and the possible impact of that delay on judicial proceedings; (3) [the movant's] reasons for delay, including whether the delay was within her reasonable control; and (4) whether [the movant] acted in good faith."

*Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

Here, Mr. Reilly has identified a number of reasons why Plaintiff was unable to comply with the deadline for disclosing her expert witnesses. Based upon Mr. Reilly's representations, it would appear that a substantial portion of the delay was for reasons

5

beyond Plaintiff's control. Mr. Reilly asserts that Plaintiff first requested the opinion letters "well before the expert witness deadline," and it appears that Plaintiff has acted in good faith in attempting to obtain the required information. The delay caused by Plaintiff's failure to comply will set the expert witness deadlines back nearly four months. The Court does not believe, however, that Defendants will be substantially prejudiced by the delay, and it will not affect the trial ready date.[3] Plaintiff's failure to timely file a motion for modification (and extension) of the deadline for disclosing expert witnesses was apparently due to "inadvertence, mistake, or carelessness." *Id.* A determination of excusable neglect "is at bottom an equitable one." *Id.* Having concluded that good cause exists for a modification of the deadlines, and further concluding that Plaintiff failed to act because of excusable neglect, the Court finds that the motion should be granted.

### B. Motion to Preclude Undisclosed Witnesses at Trial

Since Plaintiff has failed to disclose any expert witnesses, Defendants ask in their motion that the Court preclude Plaintiff from eliciting any expert witness opinions at trial. Specifically, Defendants ask that Plaintiff be prohibited from questioning her treating physicians regarding causation opinions, such as "the extent that the illegal actions of Defendant exacerbated Plaintiff's medical conditions." The Court agrees with Defendant's underlying argument that "when the testimony of a treating physician goes beyond the scope of treatment, observation and diagnosis, and includes opinions on causation, prognosis for the future impact of the injury, the treating physician must provide a report satisfying the requirements of Rule 26(a)(2)(B)." *Smith v. Bankers Life and Cas. Co.*, 2008 WL 2845080 at *4 (S.D. Iowa 2008) (citing *Griffith v. Northeast Illinois Reg'l Commuter R.R. Corp.*, 233 F.R.D. 513 (N.D. Ill. 2006)).

> That does not mean that a treating physician cannot testify at trial; if the physician has been disclosed pursuant to Rule 26(a)(2)(A), the physician may testify as to the nature and

---

[3] Pursuant to the practice adopted by Judge Edward J. McManus, a trial date has not yet been established.

> extent of the injury he observed and diagnosed, and the treatment that he rendered for that injury. However, without a report satisfying the requirements of Rule 26(a)(2)(B), the treating physician cannot testify as to causation, prognosis or future disability.

*Id.* at 5 (quoting *Griffith*, 233 F.R.D. at 518-519).

In her resistance, Plaintiff respectfully disagrees with the Court's "unique view" in this regard, citing *Bills v. City of Dubuque*, 2006 WL 1004961 (N.D. Iowa 2006). That case (which also involved Mr. Reilly's law firm) is inapposite. There, the plaintiff *timely filed* an expert designation alerting defendants that a healthcare provider's testimony "may include opinions as to the etiology of Carrie's injuries, the **causation and causative effect** of those injuries and any permanent injury to Carrie." *Id.* at *1 (emphasis added). Judge Jarvey cited with approval Judge Zoss' conclusion in *Navarude v. United States*, 2003 WL 356091 (N.D. Iowa 2003), that "the written report requirement of Rule 26 is not applicable in cases where the treating health care provider limits their testimony to the patient's care and treatment." *Id.* at *2. After reviewing the cases, Judge Zoss concluded that "[t]he trial court has the discretion to limit or prohibit a treating physician's opinion testimony that goes beyond information obtained during the physician's care and treatment of the patient, or if the court determines the physician was retained specifically to develop opinion testimony."

As set forth above, however, the Court concludes that the Scheduling Order should be modified to extend the deadline for Plaintiff to disclose her expert witnesses. Presumably, Plaintiff will provide a written report pursuant to Rule 26(a)(2)(B) for any opinions by Drs. Calkwood or Shapiro, which go beyond the scope of their treatment, observation, and diagnosis of Plaintiff, and instead pertain to their opinions on causation or "the extent that the illegal actions of Defendants exacerbated Plaintiff's medical conditions." Accordingly, the Court finds that the motion to preclude undisclosed expert witness opinions is moot.

7

## IV. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion for Enlargement of Time to Designate Expert Witnesses (docket number 9) filed by Plaintiff is hereby **GRANTED** as follows:

   a. Plaintiff shall disclose her expert witnesses, including full compliance with Rule 26(a)(2)(B), not later than **August 11, 2010**.

   b. Defendants must disclose their expert witnesses not later than **October 11, 2010**.

   c. Plaintiff shall disclose her rebuttal experts, if any, not later than **November 11, 2010**.

2. The discovery deadline is hereby **EXTENDED** to **December 1, 2010**.

3. The deadline for filing dispositive motions is **EXTENDED** to **January 1, 2011**.

4. Defendants' Motion to Preclude Undisclosed Expert Witness Opinions at Trial (docket number 7) is **DENIED** as moot.

DATED this 22nd day of July, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA